

**FILED**

MAR 31 2015

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MATTHEW YOUNG,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD and ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | CV 13-256-M-DWM-JCL<br><br>ORDER |

Matthew Young is a state prisoner proceeding pro se. He petitions this Court for a writ of habeas corpus under 28 U.S.C. § 2254. Magistrate Judge Jeremiah Lynch recommends denying the petition on the merits. (Doc. 26.) Young timely filed written objections to Judge Lynch's findings and recommendation. (Doc. 27.)

Young is entitled to *de novo* review of the specified findings or recommendations to which he objects. 28 U.S.C. § 636(b)(1); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Where there is no objection, the court is to give the level of consideration

1

it deems appropriate. *Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). This Court reviews for clear error. Clear error exists if the court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

I.  **Claim 1**

Judge Lynch found that nothing in the record of proceedings in state court called Young's *competence* into question. (Doc. 26 at 4–9.) The trial court's omnibus hearing memorandum noted that Young's fitness to proceed was not at issue and separately addressed his affirmative defenses of mental disease or defect and compulsion/not a voluntary act. (Doc. 22-1 at 1, 3.) Young's motion for a mental examination addressed only his ability to have or form the necessary mental state and the defense of mental disease or defect. (Docs. 11-4; 11-10.) There is no basis in the change of plea hearing, the presentence investigation report, or the sentencing hearing from which the trial court would have had reason to doubt Young's fitness to proceed. (*See generally* Change of Plea Tr., Doc. 24-1; Presentence Investigation Report, Doc. 13-1; Sentencing Tr., Doc. 11-14.) Based on the evidence that was before the trial court, it was not unreasonable or

2

unconstitutional for the court to fail to question Young's ability to rationally or factually understand the proceedings against him or his ability to assist in his own defense. *See Godinez v. Moran*, 509 U.S. 389, 402 n.13 (1998).

Young objects on the basis that the trial court had substantial evidence of his incompetence to proceed, and he repeatedly cites the reports of Dr. Michael Scolatti, licensed clinical social worker Mike English, and Dr. Paul Moomaw, as well as the presentence investigation report prepared by Tony Heaton. A complete review of these documents, however, do not indicate that it was necessary for the trial court to make a competency determination. Dr. Scolatti's 1991 report, which was prepared after Young's prior juvenile conviction, contained the determination that "Young did not appear to be inflicted with any physical or psychological syndrome or disorder that would impair or prevent his ability to understand the current legal charges, [or] the Judicial proceedings." (Doc. 13-2 at 30.) Mr. English's 2001 report stated that Young "manifested no indication of thought disorder or cognitive impairment" and did not otherwise address or raise concern about Young's competency. (Doc. 13-2 at 19.) The presentence investigation report summarized the report of Mr. English and did not contain any other indication of a competency issue. (*See* Doc. 13-1.) Dr. Moomaw's report did show elevated psychological test scores but concluded that there was a possibility

of malingering if Young's behavior was not "noticeably disturbed," (Doc. 13-2 at 15); there is nothing in the record that indicates Young's behavior was such. The possibility that Young had a dissociative disorder was raised by both Dr. Moomaw, (Doc. 13-2 at 15), and Mr. English, (Doc. 13-2 at 19), but neither practitioner indicated that such a disorder would affect Young's ability to understand the proceedings or assist in his own defense. Both practitioners recommended further psychological testing to assist with Young's treatment, but they did not recommend testing for the purposes of a competency determination. (*See* Doc. 13-2 at 15, 21.)

Judge Lynch also found that the record contains no reason to suspect that Young was in fact incompetent at the time of the proceedings in 2001. (Doc. 26 at 9–12.) Young proffered a 2011 report by Dr. George Athey. The report concludes that additional psychiatric testing in 2001 was warranted and that additional testing may have resulted in a determination that Young was incompetent in 2001. (*See generally* Dr. Athey Report, Doc. 13-2 at 37–48.) Dr. Athey states that Mr. English's evaluation "indicate[d] major psychiatric disturbances that call into question [Young's] competence" at the time of the proceedings in 2001, (Doc. 13-2 at 42–43), and that Young "evidenced the kinds of mental health issues (dissociative episodes) that should have raised red flags concerning his

competency," (Doc. 13-2 at 47). However, Dr. Athey did not conclude that Young *was* incompetent in 2001 or that the possible dissociative disorder would have rendered him incompetent. Moreover, the record as a whole—which includes the change of plea hearing, three medical evaluations, the presentence investigation report, testimony during the sentencing hearing, and Young's own written and verbal testimony—compels the conclusion that Young was not incompetent to proceed in 2001.

## II. Claim 2

Judge Lynch found that the record does not give rise to an inference that Young's constitutional rights were violated when the trial court denied his motion for a psychiatric examination at the State's expense. (Doc. 26 at 3–4.) The record shows that after his motion was denied, Young made a showing of his indigency because he was represented by the Public Defender's Office by the time he entered his guilty plea. (Doc. 11-12 at 1.) The record also shows that despite his showing of indigency, Young did not resubmit his motion. (*See* Doc. 11-1.)

Young insists that it is unconstitutional to place the burden on him to "raise the issue" and move for an examination. (Doc. 27 at 18.) To receive an examination at the State's expense under Montana Code Annotated § 46–14–202, however, the defendant must file a written motion or "the issue of the defendant's

fitness to proceed" must be raised. Young does not dispute the finding that he did not resubmit his motion. Moreover, the trial court's order denying Young's motion stated that he may resubmit his motion if he made "a preliminary showing of mental disease or defect." (Doc. 11-10 at 2.) Young failed to offer additional evidence prior to his guilty plea that "demonstrat[ed] to the trial judge that his sanity at the time of the offense [was] to be a significant factor at trial." *Ake v. Oklahoma*, 470 U.S. 68, 83 (1985). Finally, as established above, the record does not show that the trial court should have raised Young's competence and ordered an examination sua sponte. In sum, Young failed to "shoulder [his] burden of proving his incompetence by a preponderance of the evidence." *Cooper v. Oklahoma*, 517 U.S. 348, 355 (1996) (citing *Medina v. California*, 505 U.S. 437, 449 (1992)).

The Court finds no clear error with Judge Lynch's remaining analysis.

Accordingly, IT IS ORDERED that the Findings and Recommendation (Doc. 26) is ADOPTED IN FULL. Matthew Young's Petition for Writ of Habeas Corpus (Docs. 1, 7) is DENIED on the merits.

IT IS FURTHER ORDERED that the Clerk of Court is directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

IT IS FURTHER ORDERED that Respondents' Motion to Dismiss (Doc. 11) is DENIED as MOOT.

Dated this 31st day of March, 2015.

/s/ Donald W. Molloy
Donald W. Molloy, District Judge
United States District Court

7